# Supreme Court of the Navajo Nation

**PC&M Construction Co., Inc., Appellant,**

v.

**Navajo Nation and Navajo Department of
Financial Services, Appellees.
Decided August 26, 1993**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and MORRIS* (sitting by designation), Associate Justices.

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Richard L. Davies, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by AUSTIN, Associate Justice.

The issue in this case is whether section 1509 of the Navajo Business and Procurement Act grants this court jurisdiction to review an appeal of a final decision entered by a hearing officer of the Navajo Nation Department of Financial Services. We hold that this court has jurisdiction.

### I

On April 30, 1992, the Navajo Nation Labor Commission entered a final decision against PC&M for failure to pay prevailing wages established by the Office of Navajo Labor Relations (ONLR) on a construction project funded by the Navajo Nation. PC&M appealed that decision to this court, but we dismissed PC&M's appeal for failure to prosecute. *Prows et al. v. Office of Navajo Labor Relations*, No. A-CV-21-92 (Order filed October 22, 1992).

ONLR then attempted to execute on the judgment using the Navajo Business and Procurement Act by requesting an offset against the amount the Nation owed PC&M. The Nation notified PC&M of its intent to offset in a letter dated December 21, 1992. PC&M appealed the Nation's notice of intent to offset to a hearing officer appointed for that purpose. The hearing officer upheld the Nation's notice of intent to offset and PC&M appealed that decision to this court. The Nation moved to dismiss the appeal claiming that the section of the Procurement Act providing for appeals to the "Navajo Nation Courts," 12 N.T.C. § 1509, did not provide for appeals directly to this court.

## II

The Navajo Business and Procurement Act, 12 N.T.C. §§ 1501-1516, was enacted in December 1986. Section 1507 of that Act permits the Navajo Nation, upon due notice, to "offset its money claim against any amount it owes to ... a business...." Section 1508 permits a party to appeal a "notice of intent to offset" to a hearing officer. That section also requires the hearing officer to make findings of fact, conclusions of law, and a decision.

Section 1509 of the Act provides for an appeal of the hearing officer's decision "to the Navajo Nation Courts" and is the subject of this case. It is captioned "Final Appeal" and provides as follows:

> A final decision of the Hearing Officer may be appealed to the Navajo Nation Courts. Such appeal shall be limited to questions of law and the Hearing Officer's findings of facts shall be sustained, provided there is some basis in the evidence for such findings.

The dispute in this case is over the words "Navajo Nation Courts" as used in section 1509. Do these words mean that the hearing officer's decision should be appealed to the Navajo Nation Supreme Court as argued by the appellant or to a trial court of the Navajo Nation as argued by the Nation?

The judiciary has the power "to construe and interpret legislation and the terms used therein." *McCabe v. Walters*, 5 Nav. R. 43, 46 (1985). In matters involving statutory interpretation, we initially look to the language of the statute and attempt to decipher a meaning from the words it uses. *Johnson v. Dixon*, 4 Nav. R. 108 (1983); *Navajo Nation Division of Resources v. Spencer*, 5 Nav. R. 109 (1986). Thus, an unambiguous statute is enforced according to its terms. *Spencer*, 5 Nav. R. at 111.

If the meaning is not apparent on the face of the statute, then resort to other indicia, such as legislative history, is appropriate. *Id.* at 111. Legislative history, however, is of little help in cases such as this where it is nonexistent. Fortunately, to decide this case, we have the benefit of this court's prior reasoning on questions involving supreme court jurisdiction to which we can turn.

The nature and extent of this court's jurisdiction have been examined on several occasions. The supreme court is a court of limited jurisdiction. *Nez v. Bradley*, 3 Nav. R. 126 (1982). That jurisdiction is classified as appellate and original. *Chuska Energy Co. v. Navajo Tax Comm'n.*, 5 Nav. R. 98 (1986). A direct appeal of a final decision of an administrative agency can be made to this court if it is "provided [for] by law." 7 N.T.C. § 801 (1985). In *Spencer*, we said that this court cannot exercise jurisdiction over an appeal of an agency decision unless a statute "expressly provides for an appeal to the supreme court." 5 Nav. R. at 112. We believe that section 1509 is a statute which grants this court appellate jurisdiction to review the financial services hearing officer's decision.

In *Spencer*, an appeal of the final decision of an appeal authority (a hearing

officer) acting under authority of the Navajo Nation Personnel Policies and Procedures was filed with this court. That raised the issue of whether this court had jurisdiction pursuant to 7 N.T.C. § 302[1] to review the appeal authority's final decision. We held in *Spencer* that jurisdiction was lacking because the words "as provided by law," as used in section 302, required the existence of a statute which must expressly provide for appeal of an administrative agency's decision to this court. In *Spencer*, we found that the Navajo Nation Council had not enacted such a statute anywhere in the Navajo Nation Code. For all practical purposes, the appeal authority's decision was final, meaning that an appeal could not be taken to any forum. *Spencer* is distinguishable from this case on those grounds.

In this case a statute has been enacted by the Council which expressly provides for appeal to the "Navajo Nation Courts." Upon close examination we find that these words are set in the plural, thus they must mean, generally, all Navajo Nation courts. The Navajo district courts, family courts, peacemaker courts, and supreme court are commonly and collectively referred to as the "Navajo Nation Courts."

Of all the Navajo Nation courts, only the supreme court was created specifically to handle appeals. 7 N.T.C. §§ 302, 801 (1985). The Navajo trial courts are courts of general jurisdiction. *Spencer*, 5 Nav. R. at 110. They were not granted appellate jurisdiction under Title Seven of the Navajo Nation Code; thus, they cannot function as appellate courts. *Williams v. Yazzie*, 7 Nav. R. 17, 18 (1992). If the Council wants the trial courts to have appellate jurisdiction, it must expressly say so. Therefore, we rule that the grant of appellate jurisdiction found in section 1509 of the Procurement Act is to the supreme court and not the Navajo trial courts.

The second part of section 1509 of the Procurement Act reinforces our holding that the supreme court has jurisdiction over this appeal. That part states that the "appeal shall be limited to *questions of law*...." (emphasis added). Section 803 of Title Seven of the Navajo Nation Code contains similar language, which provides that appeals made to the supreme court "shall be limited to ... *issues of law*...." (emphasis added). Only the supreme court, when contrasted with the trial courts, has that limitation placed on its jurisdiction. The supreme court is obligated to hear appeals on questions of law. Moreover, hearing issues of law raised in appeals is a major function of the supreme court.

Another consideration supporting supreme court jurisdiction in this case is this court's practice of promoting judicial economy and efficiency among the Navajo courts. *See, Begay v. Begay*, 6. Nav. R. 120 (1989). A direct appeal to this court will cost the parties less in terms of time and money spent on the case and for fees, and overall finality will be realized quicker. We also need not add to the

---

1. Section 302 provides as follows: "The Supreme Court shall have jurisdiction to hear appeals from final judgments and other final orders of the District Courts of the Navajo Nation and such other final administrative orders as provided by law. The Supreme Court shall be the court of final resort."

enormous caseload of the trial courts.[2] In addition, the rules for appellate procedure are in place to guide appeals to the supreme court and the justices of this court specialize in appellate litigation. In contrast, there are no appellate rules for the trial courts and its judges specialize in trial litigation.

For the reasons stated, we hold that this court has jurisdiction over this appeal. Accordingly, the Navajo Nation's motion for dismissal of the appeal for lack of this court's jurisdiction is denied.

\* \* \*

YAZZIE, Chief Justice, Concurring on different grounds.

It is dangerous for the Court to reason that since trial courts are not appellate bodies and the Navajo Nation Supreme Court is an appellate body, agency appeals must go to the Supreme Court. That approach overlooks the origin, nature, and history of appeals. At common law, an "appeal" was in the form of an extraordinary writ. Superior courts, or courts which had greater dignity by royal appointment, issued orders to inferior courts to review their judgments. The writs included the writ of prohibition, the writ of mandamus, the writ of certiorari, and the writ of review. They were orders to lower courts to produce their decision for examination and review.

Administrative agencies are comparatively recent arrivals to the world of adjudication, but the same principles apply to their determinations. In common law practice, a trial court had the power to issue a writ of certiorari to an agency or one of its functionaries to produce the record of decision of review.

The Navajo Nation jealously guards its sovereign immunity from suit, so there is a general principle that the Navajo Nation Council must surrender agency immunity in statutory delegations of power to a given body. The jurisdiction of courts for judicial review of agency decisions is granted by statute.

If the Court construes 15 N.T.C. § 1509 to require an appeal to the Navajo Nation Supreme Court because it is an appellate court and trial courts are not, that will jeopardize a rather fundamental principle of administrative law. It will create a conflict with the Council, and call into question other schemes for judicial review. It will place the courts in conflict with the Council when it considers the proposed Administrative Procedures Act. That proposed law provides for judicial review by district courts. The reasoning of the majority in this opinion hints that such jurisdiction would be improper, because trial courts are not appellate courts.

That does not invalidate the remainder of the majority's reasoning: Judge Jerome Frank compares statutes to the words and music in a musical score. Jerome Frank, *Courts on Trial* 292 (1963). "A legislature can make plain when it wants literalness, and when it wants to authorize judicial legislation. It can, in

---

2. The caseload of the Navajo trial courts at the end of Fiscal Year 1993 was 90,651 cases. The fiscal year covered the period from April 1, 1992 to March 31, 1993. Fourteen trial judges handle cases filed with the trial courts. See *Fiscal Year 1993 Annual Report*, printed by the Judicial Branch of the Navajo Nation.

effect, say to the courts, 'Play this statute with tenderness,' or that statute 'with determination.' It can give unequivocal directions to the courts." *Id.* at 304. If, however, a legislature fails to place instructions in the score, it cannot complain if the courts play the statute using their own interpretation of the thrust of its music. That is what happened here — the Navajo Nation Council, at the prompting of a careless drafter, failed to state which orchestra of the Navajo Nation Courts is to play the music of statutory disputes between the Nation and businesses.

Given the ambiguity of the statute, it is proper for the Court to simply say that considerations of judicial economy and finality dictate the conclusion reached by the majority. Let us be up front about judicial economy: the Navajo Nation courts had a caseload of 90,651 cases in fiscal year 1993. That hardly offers either the Navajo Nation or those doing business with it a receptive climate for sometimes complex litigation. Many other jurisdictions, most notably the federal system, provide for direct appeals to circuit courts of appeal because of the fact that they are in a superior position to hear appeals on an agency administrative record. Finality is another traditional consideration. Both businesses and the Navajo Nation want a prompt and final determination of their disputes over questions of law. The Navajo Nation Supreme Court is the court of last resort of the Navajo Nation. It offers authoritative, conclusive, and final interpretations of law. It is the grand orchestra to interpret scores penned by the Navajo Nation Council. Finally, the approach offered by the majority is in keeping with the policy that Navajo Nation law should promote a healthy business climate. That climate will be enhanced by an interpretation which guides business litigants directly from an agency adjudicative determination to this Court.

I would simply rule that given considerations of judicial economy, finality, and law as a means to nourish a good business climate, this Court is the review body meant by 15 N.T.C. § 1509.